UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN C. REAVIS, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-0843** |
| **LOUISIANA DEPT. OF CORRECTIONS, JAMES LEBLANC** | **SECTION "E" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Factual Background

The petitioner, Warren C. Reavis, III ("Reavis"), is a convicted inmate incarcerated in the River Bend Detention Center in Lake Providence, Louisiana.[2] On November 17, 2008, Reavis was charged by Bill of Information in St. Tammany Parish Case No. 457773 with simple burglary of an inhabited dwelling.[3] He eventually entered a plea of guilty to the charge on January 5, 2009.[4] As part of the plea agreement, the State announced that it would not pursue a multiple offender

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 11/17/08.

[4] St. Rec. Vol. 1 of 1, Plea Minutes, 1/5/09; Plea Transcript, 1/5/09.

bill.[5]  After waiver of legal delays, the Trial Court sentenced Reavis on this charge to eight years in prison at hard labor with the first year to be served without benefit of parole, probation or suspension of sentence and the sentence was to be concurrent with a sentence he received on a separate theft charge that same day.[6]

Reavis's conviction and sentence in Case No. 457773 became final thirty days later, February 4, 2009, because he did not seek reconsideration of the sentence or leave to appeal.  La. Code Crim. P. art. 914;[7] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

At some point thereafter, Reavis was released on goodtime credits as if on parole.[8]  While on parole, he was arrested and charged on December 12, 2012, in St. Tammany Case No. 528248 with attempted looting.[9]  He entered a plea of guilty to that charge.[10]  Both Reavis and the respondent also agree that, on March 26, 2013, the State used the conviction in Case No. 457773

---

[5]St. Rec. Vol. 1 of 1, Plea Transcript, p. 46, 1/5/09.

[6]St. Rec. Vol. 1 of 1, Plea Minutes, 1/5/09; Plea Transcript, p. 46, 1/5/09.

[7]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  A motion to reconsider is timely if filed within thirty days of the sentence. La. Code Crim. P. art. 881.1.  Failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[8]Rec. Doc. No. 14-1, p.1.

[9]Rec. Doc. No. 14, p. 1.

[10]Rec. Doc. Nos. 8.  The State references the pleadings and rulings in Reavis's federal habeas proceedings challenging the conviction in Case No. 528248 in this Court under Civ. Action No. 15-1982.

as a predicate offense in a multiple bill filed in Case No. 528248 to which Reavis entered a guilty plea and received an enhancement to the sentence in that case.[11]

On November 2, 2014, Reavis submitted a motion seeking leave to file an out-of-time appeal from his conviction in Case No. 457773 asserting that the State breached the plea agreement by using that conviction in the multiple bill in Case No. 528248.[12] He claimed that the State's agreement not to file a multiple bill meant that the State would not use the conviction in any multiple bill. The state trial court summarily denied the motion on November 18, 2014.

On December 1, 2014, Reavis signed and submitted an application for post-conviction relief in which he asserted that he entered the plea agreement in Case No. 457773 because the State agreed not to pursue a multiple bill and neither the prosecutor nor the state trial judge told him that the conviction could be used in the future.[13] He claims that doing so in Case No. 528248 amounted to a breach of the plea agreement. The state trial court denied the application finding that the prosecutor agreed not to and did not file a multiple bill in Case No. 457773 and that no promise was made that the conviction would not be used as a predicate offense in any future proceeding.[14]

The Louisiana First Circuit denied Reavis's related writ application on February 23, 2015, for untimely seeking post-conviction relief, citing La. Code Crim. P. art. 930.8, and noting that the plea transcript did not support Reavis's contention that the plea agreement was breached.[15] The Louisiana Supreme Court also denied Reavis's writ application as untimely filed on January 8,

---

[11]Rec. Doc. Nos. 11 p.1, 8, 14.

[12]St. Rec. Vol. 1 of 1, Motion for Out of Time Appeal, 11/5/14 (dated 11/3/14).

[13]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 12/31/14 (dated 12/1/14).

[14]St. Rec. Vol. 1 of 1, Trial Court Order, 12/8/14.

[15]St. Rec. Vol. 1 of 1, 1st Cir. Order, 2015-KW-0022, 2/23/15; 1st Cir. Writ Application, 2015-KW-0022, 1/2/15 (although dated by Reavis on 1/5/15).

2016, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So. 2d 1189 (La. 1995).[16]

## II.  **Federal Habeas Petition**

On February 1, 2016, the clerk of this Court filed Reavis's federal petition for issuance of a writ of habeas corpus in which he asserted that the State breached the plea agreement in Case No. 457773 when the conviction was used in a multiple bill in Case No. 528248 on March 26, 2013.[17] He contends that, during the plea in Case No. 457773, the State agreed not to file a multiple bill and did not expressly reserve its right to use the conviction in a future multiple bill.[18] He claims that he is entitled to an out of time appeal in the state courts and to have the conviction in Case No. 457773 removed from the multiple bill used in Case No. 528248.

The State initially filed a response in opposition to the petition asserting that Reavis's federal petition was not timely filed within one year of the March 26, 2013, multiple bill proceeding in Case No. 528248, which would stand as the factual predicate for his claim.[19] On July 6, 2016, the undersigned Magistrate Judge ordered counsel for the respondent to provide additional briefing on the issues of tolling of the limitations period, custody for purposes of subject matter jurisdiction, and procedural default.[20] The State responded with a supplemental memorandum in which it conceded the timeliness of Reavis's federal petition based on his pursuit

---

[16]*State ex rel. Reavis v. State*, 182 So. 3d 946 (La. 2015); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2015-KH-0521, 1/8/16; La. S. Ct. Writ Application, 15-KH-521, 3/13/15 (dated 3/9/15); La. S. Ct. Letter, 2015-KH-521, 3/13/15.

[17]Rec. Doc. No. 1; *see also*, Rec. Doc. Nos. 11, 12, 15.

[18]Rec. Doc. No. 1-1, p. 9.

[19]Rec. Doc. No. 8.

[20]Rec. Doc. No. 13.

of collateral review of the same issue through post-conviction review in Case No. 528248.[21] The State also asserts that Reavis's claim is not in procedural default because the procedural bar under La. Code Crim. P. art. 930.8 was misapplied by the state courts in this case. In addition, the State confirmed that Reavis was in custody at the time of the filing of this petition for purposes of challenging the conviction in Case No. 457773 which provides this Court with subject matter jurisdiction over his petition. Having done so, the State asserts that Reavis's claim is without merit.

Reavis replied to the State's supplemental opposition reiterating his claims that the plea agreement was breached by the State.[22]

### III.  General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in this court by Reavis under the federal mailbox rule on January 28, 2016.[24] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner

---

[21]Rec. Doc. No. 14.

[22]Rec. Doc. No. 15.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254 as applied to habeas petitions filed after its signing date of April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Reavis's petition on February 1, 2016, when it was received with the filing fee. Reavis dated his signature on the original form petition on January 28, 2016. This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to the Court. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The record supports the State's conclusions that there are no procedural defenses applicable in this case and that Reavis's claim has no merit. The record also demonstrates that Reavis exhausted state court review of his claim in the state courts. For the reasons that follow, Reavis is not entitled to federal habeas corpus relief.

### IV.  Standards for a Merits Review

Reavis asserted his claim that the State breached his plea agreement on post-conviction review through to the Louisiana Supreme Court, and that court dismissed the claim on procedural grounds of untimeliness pursuant to La. Code Crim. P. art. 930.8 and *State ex rel. Glover*. Thus, the last reasoned opinion of the state courts was based on a procedural rule of law and did not dispose of Reavis claim on the merits. As noted above, the State concedes that the procedural dismissal was improvidently made and does not rely on that ruling as a basis for this Court's review.

The AEDPA's deferential standards of review apply <u>only</u> to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003). To the extent petitioner's claims were not considered by the Louisiana Supreme Court on the merits, this Court utilizes the pre-AEDPA *de novo* standards of review. *Henderson*, 333 F.3d at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying the *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also*, *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). Therefore, the Court will address Reavis's claim *de novo*.

**V.      Valid Plea Agreement**

Reavis alleges that the State breached the plea agreement he entered into in Case No. 457773 when it relied on that conviction as a predicate offense in a multiple bill used to enhance his sentence in Case No. 528248.  He contends that the State agreed not to file a multiple bill in Case No. 457773 and did not reserve its right to use the conviction in a future multiple bill, nor was he advised by the prosecutor or the state trial court that it could be used in a future multiple bill.  As relief, he seeks to have his case returned to the state courts with a directive that the plea agreement be enforced.

Reavis argues that his claim is one of breach of the plea agreement which is to be considered a contract between him and the State.  The United States Supreme Court has analogized a plea agreement to that of a contractual relationship.  *Puckett v. United States*, 556 U.S. 129, 137 (2009) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)) ("Although the analogy may not hold in all respects, plea bargains are essentially contracts.").  For this reason, the Supreme Court has held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled."  *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The Supreme Court also has made clear, however, that the breach of a plea deal is not a structural error that invalidates the conviction or the plea itself.  *Puckett*, 556 U.S. at 141.  Instead, the breach simply may entitle the defendant to a remedy to cause the prosecutor to comply.  *Id*., at 137.  The Supreme Court has made clear that the breach of a plea agreement does not invalidate the guilty plea or render it unknowing or involuntary.

> In any case, it is entirely clear that a breach does not cause the guilty plea, when entered, to have been unknowing or involuntary.  It is precisely because the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain.

7

*Id.*, 556 U.S. at 137-38.  Instead, if a breach is established, the result is for the reviewing court to determine an appropriate remedy for the wronged party, which depending on the circumstances could be enforcement of the promise or if necessary, rescission of the agreement.  *See id.* at 137 ("The party injured by the breach will generally be entitled to some remedy ... which may include rescission of the agreement ... [or] specific performance of the contract.").

The question of whether a breach has occurred is gauged by "'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'"  *United States v. Lewis*, 476 F.3d 369, 387-88 (5th Cir. 2007) (quoting *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)).  The movant bears the burden of demonstrating the breach of the agreement by a preponderance of the evidence.  *Id.*, at 387.  A habeas petitioner who claims a breach of a plea bargain must prove (1) exactly what the terms of the alleged promises were, (2) exactly when, where, and by whom such a promise was made, and (3) the precise identity of any eyewitnesses to the promise.  *Bonvillian v. Blackburn*, 780 F.2d 1248, 1250-51 (5th Cir. 1986).

In the instant case, Reavis attempts to establish that a breach of his plea agreement occurred on two grounds.[25]  First, he asserts that the State announced at his plea hearing that "None of the people standing up to plea are going to be multiple billed."[26]  He suggests that this not only meant that the State would not file a multiple bill in Case No. 457773, but that the State would never use the conviction as a predicate offense in a multiple bill in any future case.  Second, he also contends that the State did not reserve its right to use the conviction in the future and neither the State nor the state trial court informed him that it could be used in a future multiple bill.

---

[25]As discussed previously, the very premise of asserting a claim that a plea was breached, necessarily is that the plea was valid and must be enforced.  *See Puckett,* 556 U.S. at 137-38.  Should Reavis later assert that his plea was invalid, unknowing or involuntary, he has not exhausted state court review of that claim and would be required to do so or face procedural bar.

[26]St. Rec. Vol. 1 of 1, Plea Transcript, p. 46, 1/5/09.

As to his first argument, Reavis indicates that the promise of no multiple bill was made by the State during the plea hearing in open court. This is the "who, what, and where of the agreement" for purposes of identifying the agreement. However, the statement made by the prosecutor was simply that Reavis (and the other parties present) would not be multiple billed in connection with the pleas being entered at that time. There is no doubt, and Reavis even concedes, that the State kept that promise and did not file a multiple bill against him in Case No. 457773.

On the other hand, there is nothing in the record to suggest much less support Reavis's inference that the prosecutor's statement also must have meant that the conviction would never be used in a future multiple bill in another case. This is not a reasonable interpretation of the State's promise, especially given that Reavis was quite familiar with the criminal process before he entered that plea.[27] To the contrary, the promise was limited to the case at hand, which is reasonable and consistent with normal expectations in this type of plea. Reavis simply has not met the high burden of proving that the State made a promise not to file a future multiple bill with this conviction as a predicate offense. The State cannot be said to have breached a promise it did not make during the plea negotiations in Case No. 457773.

With regard to Reavis's second contention, there was no duty on the part of the State to reserve its right to file a future multiple bill or for the State or the state court to advise Reavis of that possibility. The State of Louisiana does not require that the prosecutor or the court to notify a defendant of the potential for a conviction to be used in a future multiple bill. *See State v. Jackson*, 734 So.2d 54, 56 (La. App. 2d Cir. 1999). The same is true under federal law. A trial court is not required to "anticipate a defendant's recidivism" and apprise the defendant of the

---

[27]The records demonstrate that Reavis had an extensive criminal history before he entered the plea at issue. St. Rec. Vol. 1 of 1, Case Research Results.

9

possibility that his guilty plea and conviction might be used to enhance a later conviction. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989). For this reason, this possibility "'is not the type of consequence about which a defendant must be advised before entering a guilty plea.'" *Id*., at 288 (quoting *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980)); *see also*, *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir. 1990) (same); *United States v. Ballard*, 919 F.2d 255, 258 (5th Cir. 1990) (same); *Jackson v. Andrews*, No. 00-2534, 2000 WL 1863513, at *3 (E.D. La. Dec. 19, 2000) ("The jurisprudence is clear that a court need not inform a defendant of the indirect or collateral consequences of the entry of a guilty plea to a charge pending against him."). Reavis, therefore, has not established that either the State or the state trial court was required to notify him that the conviction in Case No. 457773 could be used in a future multiple bill.

For these reasons, Reavis's claim that the State breached his plea agreement is unfounded and legally meritless. He is not entitled to federal habeas corpus relief.

## VI.   Recommendation

It is therefore **RECOMMENDED** that Warren C. Reavis, III's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this day 7th of November, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.